

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RANDALL J. HINDS | * | CIV 06-1001 |
| Plaintiff, | * | |
| -vs- | * | OPINION AND ORDER |
| CENDANT INC. | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

This is an action seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, *et seq.*, the plaintiff claiming that he was discriminated against because of his gender, male, and that he was subject to a hostile environment, i.e. sexual harassment. Defendant filed a motion for a summary judgment, Doc. 53.

## DECISION

"A motion for summary judgment should be granted only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002), Fed. R. Civ. P. § 56(c). "In order to establish a genuine issue of material fact," the non-moving party, the plaintiff here, can "not 'simply rest upon the pleadings'" nor can "he rely on conclusory statements in his affidavit." Jeseritz v. Potter, 282 F.3d 542, 545 (8th Cir. 2002) (quoting Mathews v. Trilogy Communications, Inc., 143 F.3d 1160, 1164 (8th Cir.1998)). Rather, he must "point to evidence in the record sufficient to raise a genuine issue for trial." Jeseritz v. Potter, 282 F.3dd at 546 (quoting Mathews, 143 F3d. at 1164). "'[S]ummary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact based.'" Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 830 (8th Cir. 2000) (quoting Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir.1998)).

The facts, in the light most favorable to plaintiff, as they are pertinent here are that Cendant hired Hinds on October 6, 2003, as a full-time "member service representative" in the TripRewards department in Aberdeen, South Dakota. Hinds worked in a call center environment with approximately 15-20 employees, and his duties consisting primarily of servicing TripRewards membership accounts. Cendant contends that Hinds was repeatedly "counseled" regarding inappropriate conduct and violation of company policies. Cendant terminated Hinds' employment August 19, 2004. Hinds contends that Cendant engaged in discriminatory practices in disciplining Hinds, that his alleged improper conduct towards other employees was taken out of context and was not offensive to the involved employee, that any violation of company policies was for the benefit of the Cendant, and that he did not complain about sexual harassment until his termination because he feared losing his job.

Hinds filed a claim on October 17, 2004, with the South Dakota Department of Labor, alleging gender discrimination and sexual harassment. The Department of Labor issued a "no probable cause" determination on July 7, 2005. Hinds appealed that determination to the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a dismissal and right to sue letter on September 28, 2005. Hinds filed the instant complaint on January 10, 2006. Cendant contends that the complaint was filed untimely.

The Civil Rights Act of 1964, as amended, requires a civil action for discrimination to be brought within ninety days after the giving of notice by the EEOC of the right to sue. 42 U.S.C. § 2000e-5(f)(1). This provision has been construed liberally to require filing of the complaint within ninety days of the <u>receipt</u> of the right to sue letter. <u>Mosel v. Hill Department Store, Inc.</u>, 789 F.2d 251, 252 (3d Cir. 1986); <u>Norris v. Florida Department of Health and Rehabilitative Services</u>, 730 F.2d 682, 682 (11th Cir. 1984).

Cendant submitted its statement of material facts pursuant to D.S.D. LR 56.1(A) wherein Cendant contended that Hinds received his right to sue letter "on or around September 28, 2005." Hinds did not deny that he received that letter on September 28, 2005. He merely responded to that statement of material fact that it has "no basis in this action," that he was in contact with the District Clerk's Office, and that his compliance with the deadline "has been affirmed repeatedly."

Pursuant to D.S.D. LR 56.1(D), this material fact set forth by Cendant is deemed to be admitted. Hinds' complaint was filed on January 10, 2006, 104 days after receipt of the right to sue letter.

"Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). The Supreme Court in Baldwin County justified its strict enforcement of the 90 day filing deadline by explaining that "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* (*quoting* Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)).

I have previously dismissed a claim which was untimely filed on the 91st day after receipt of the right to sue letter. Begay v. St. Joseph's Indian School, 922 F.Supp. 270 (D.S.D. 1996). *See also*, Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119 (9th Cir. 2007) (affirming dismissal of complaint filed 93 days after receipt of right to sue letter as untimely); Williams v. Thomson Corp., 383 F.3d 789 (8th Cir. 2004) (affirming dismissal of complaint filed 126 days after receipt of right to sue letter); Taylor v. Books A Million, Inc., 296 F.3d 376 (5th Cir. 2002) (complaint filed one day beyond the ninety-day period was properly dismissed as untimely); Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552 (6th Cir. 2000) (affirming dismissal of pro se complaint filed 101 days after presumptive receipt of right to sue letter); Mosel v. Hills Dep't Store, Inc., 789 F.2d 251 (3rd Cir.1986) (claim filed even one day beyond this ninety day window is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement); Zillyette v. Capital One Financial Corp., 179 F.3d 1337 (11th Cir. 1999) (complaint filed 98 days following postal service's first attempt at delivery of right to sue letter was properly dismissed as untimely); Biester v. Midwest Health Services, Inc., 77 F.3d 1264 (10th Cir. 1996) (affirming dismissal of complaint filed five days late).

The Eighth Circuit has held that the ninety day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite and is therefore subject to equitable tolling in appropriate circumstances. Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989). "Courts have generally reserved the remedy of equitable tolling for circumstances which were

3

truly beyond the control of the plaintiff," Hill, 869 F.2d at 1124, "or for conduct of the defendant that lulled the plaintiff into inaction." Niccolai v. U.S. Bureau of Prisons, Director, 4 F.3d 691, 693 (8th Cir. 1993); Heideman v. PFL, Inc., 904 F.2d 1262, 1265 (8th Cir. 1990). "Equitable tolling is appropriate only where the circumstances that cause a plaintiff to miss a filing deadline are out of his hands. This is 'an exceedingly narrow' doctrine that applies only when 'extraordinary circumstances' beyond the plaintiff's control prevent filing on time." Iverson v. Ingersoll-Rand Co., 125 Fed.Appx. 73, 77 (8th Cir. 2004).

Plaintiff has presented no evidence or even argument that the conduct of the defendant lulled him into inaction. Further, he asserts no circumstances beyond his control which prevented him from timely filing his complaint. His complaint was filed 14 days beyond the deadline. He did not sign his complaint until 12 days beyond the deadline. Under the facts and the law, this Court should not and will not extend the limitations period by even one day. Mosel, 789 F.2d at 253. See Lucas v. Brown & Root, Inc., 736 F.2d 1202 (8th Cir. 1984) (one day late); Mills v. Des Arc Convalescent Home, 872 F.2d 823 (8th Cir. 1989) (2 days late).

Based upon the foregoing finding that plaintiff has failed to timely file his action, the Court will not address defendant's other basis for summary judgment.

## ORDER

Now, therefore,

IT IS ORDERED that defendant's motion for summary judgment, Doc. 53, is granted and plaintiff's complaint is dismissed with prejudice and without the taxation of costs.

Dated this 11th day of October, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Baipke
DEPUTY
(SEAL)